2006 UT 83

**STATE of Utah, Plaintiff and Respondent,**

v.

**Ryan Wayne JOHNSON, Defendant and Petitioner.**

**No. 20050599.**

Supreme Court of Utah.

Dec. 15, 2006.

Mark L. Shurtleff, Att'y Gen., Brett J. Delporto, Asst. Att'y Gen., Salt Lake City, for plaintiff.

---

Joan C. Watt, Patrick L. Anderson, Debra Meek Nelson, Salt Lake City, for defendant.

PARRISH, Justice:

¶ 1 Defendant Ryan Wayne Johnson seeks to have five charges of aggravated robbery reduced to simple robbery. Johnson argues that a concealed gesture of a hand in a pocket cannot sustain a charge of aggravated robbery unless it is accompanied by "a verbal representation or threat." The district court agreed and reduced the charges. On interlocutory appeal, however, the court of appeals reversed. We granted certiorari to determine whether a concealed gesture of a hand in a pocket is sufficient to meet the criteria for aggravated robbery under Utah Code section 76–6–302. Finding that Johnson's use of a concealed gesture satisfies the requirements of the aggravated robbery statute, as explained by our decision in *State v. Ireland,*[1] we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Johnson was charged with six counts of aggravated robbery for crimes that occurred between December 2003 and January 2004, though only five of these charges are before us on certiorari. The alleged facts from which the charges arise are similar. Johnson would allegedly enter a business wearing a bulky jacket, with a cloth over his head, and approach a cashier. With his hand in his pocket, pointing toward the cashier, Johnson would demand money. The cashiers testified that although Johnson neither verbally threatened them nor indicated that he had a gun, they believed that he may have had some sort of dangerous weapon and complied with his demands. Several of them also testified that they were scared or feared for their lives.

1. 2006 UT 82, 150 P.3d 532.

2. *State v. Johnson,* 2005 UT App 210U, 2005 WL 1119638 *1.

3. *State v. Warren,* 2003 UT 36, ¶ 12, 78 P.3d 590.

¶ 3 Johnson was bound over on six first degree counts of aggravated robbery. He moved to reduce all of the counts to second degree counts of simple robbery. The district court granted Johnson's motion, reasoning that the aggravated robbery statute required "more than just a hand in a pocket."

¶ 4 The State filed a petition for interlocutory appeal in this court, which we transferred to the Utah Court of Appeals for disposition pursuant to Utah Code section 78–2–2(4) (2002). On May 12, 2005, the court of appeals issued a memorandum decision reversing the trial court on five of the six counts.[2] Johnson filed a petition for certiorari on those five counts, which we granted. We have jurisdiction pursuant to Utah Code section 78–2–2(3)(a).

## ANALYSIS

¶ 5 On certiorari review, we review the decision of the court of appeals, not that of the district court.[3] Determining whether a defendant's conduct constitutes aggravated robbery is "a legal question of statutory interpretation," which we review for correctness.[4]

¶ 6 Johnson argues that his concealed gesture does not qualify as using a dangerous weapon under Utah Code section 76–1–601(5). We disagree. In *State v. Ireland,* which we also issue today, we determine that use of a concealed gesture, without more, constitutes use of a dangerous weapon under the aggravated robbery statute.[5] Because the facts of this case are nearly identical to those in *Ireland,* the same reasoning used in that case applies here.

¶ 7 In this case, Johnson allegedly directed a concealed gesture toward each of his victims. He therefore used a representation of a dangerous weapon. Moreover, each of the victims reasonably believed that the gesture could be a weapon that was "likely to cause death or serious bodily injury."[6] The court

4. *State v. Smith,* 2005 UT 57, ¶ 6, 122 P.3d 615.

5. 2006 UT 82, ¶ 23, 150 P.3d 532.

6. Utah Code Ann. § 76–1–601(5)(b)(i) (2003).

of appeals therefore correctly determined that the five robbery charges under review could be elevated from simple to aggravated robbery. Accordingly, we affirm.

¶ 8 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.

2006 UT 86